[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR6-311000;
Donald D. Dakers, Esq., Public Defender, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner, who was twenty-four (24) years of age at the time of sentencing, was convicted after a jury trial of Manslaughter, First Degree, in violation of Connecticut General Statutes Section [53a-55 (a)(3)]. In the same file he pleaded guilty to Carrying a Pistol Without a Permit, Connecticut General Statute Section 29-35, and he was also found to be in Contempt of Court. (Connecticut General Statutes Section 51-33a.)
He was sentenced to a term of twenty (20) years on the Manslaughter charge, five (5) years concurrent on the Pistol Without a Permit Charge, and six (6) months Consecutive for Contempt. The effective sentence was twenty (20) years, six (6) months.
At the time of the shooting, a confrontation had taken place between four (4) Jamaican males and one Hispanic male. The area where the incident occurred is characterized by violence between Jamaicans and Hispanics over drug territory. The petitioner, upon seeing the Hispanic youth being beaten up, approached the scene and fired a handgun. At least one witness said he held it in a two-handed fashion. The bullet struck and killed an innocent bystander, a man who was leaving his job site and walking with his boss to his vehicle, some sixty (60) feet away. CT Page 10491
The petitioner claimed he obtained the gun from someone on the street at the time, however he refused to say who it was at the trial even when ordered to do so by the Court, which resulted in the Contempt charge. He denies firing the fatal shot, however the jury rejected that claim.
Counsel suggests that the trial court imposed a twenty (20) year sentence because it believed the petitioner was getting away with too light a charge. A review of the sentencing transcript does not show that to be the case. The Court expressed its agreement that he did not intend to kill the victim, but pointed out that when one fires a weapon toward someone, it is not pure accident and that a life did not have to be snuffed out.
The petitioner had a prior felony conviction for Attempted Robbery, First Degree and had been on probation on two (2) separate occasions.
The sentencing Court clearly weighed all the circumstances including the value of a life taken without reason and without provocation, as well as the nature and character of the petitioner, who it the opportunity to observe and assess during the trial.
The Division finds the sentence imposed was warranted and appropriate.
It is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE NORKO, JUDGE
Purtill, Klaczak and Norko, J.s participated in this decision.